IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRANIMIR CATIPOVIC,<br><br>Plaintiff,<br>vs.<br><br>MARK TURLEY, RONALD FAGEN, and FAGEN, INC.,<br><br>Defendants. | No. C 11-3074-MWB<br><br>MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION FOR CONTINUANCE OF SUMMARY JUDGMENT PROCEEDINGS |

_____

This case is before me on plaintiff Catipovic's August 23, 2013, Motion For Continuance Of Summary Judgment Proceedings (docket no. 77). In his Motion, Catipovic seeks an indefinite continuance, pursuant to Rule 56(d) (formerly 56(f)) of the Federal Rules of Civil Procedure and Local Rule 56(h) of the Northern District of Iowa, of his August 29, 2013, deadline to resist defendant Turley's Motion For Summary Judgment (docket no. 68).[1] In support of his Motion, Catipovic asserts that,

---

[1] By Order (docket no. 76), filed August 23, 2013, I denied Catipovic's August 21, 2013, Motion For Extension Of Summary Judgment Resistance Deadline (docket no. 74), because I concluded that motion was not in the nature of a routine request for a brief extension of a deadline for good cause, within the meaning of Local Rule 7(k), but a request for an extension of time to respond to a summary judgment motion in order to complete further discovery, but that it did not comply with the requirements of either Rule 56(d) of the Federal Rules of Civil Procedure or Local Rule 56(h). I denied Catipovic's August 21, 2013, Motion, *without prejudice* to refiling in compliance with Rule 56(d) of the Federal Rules of Civil Procedure and Local Rule 56(h), stating that, if refiled not later than August 27, 2013, a motion in compliance with these rules would be deemed timely filed, notwithstanding the deadline for such motions in Local Rule 56(h). Catipovic has now refiled his request for an extension of his deadline to resist

owing to the failure of the parties to reach agreement on when and where defendant Turley, witness Chris McHugh, and others living in Europe, could be deposed, and the necessity of litigating that issue, the pertinent depositions could not be scheduled until September 3-5, 2013. An attached affidavit by Catipovic's counsel identifies more specifically the depositions in question, the issues to be addressed, and how counsel believes those depositions are likely to raise genuine issues of material fact in response to Turley's Motion For Summary Judgment. Catipovic observes that, knowing that the depositions in question could not be scheduled until September, Turley filed his Motion For Summary judgment well before the October 25, 2013, deadline for completion of discovery and well before the November 22, 2013, deadline for dispositive motions, and now seeks to preclude necessary discovery to address his premature Motion For Summary Judgment. In the alternative, Catipovic argues that his counsel has a particularly heavy discovery and trial schedule in August, September, and early October 2013, in unrelated matters, which justifies an extension of his deadline to respond to Turley's Motion For Summary Judgment on "good cause" grounds.

In a Resistance (docket no. 79), filed August 27, 2013, by the accelerated deadline that I set by Order (docket no. 78), Turley asserts that no continuance of Catipovic's deadline should be granted, because Catipovic's counsel's affidavit inadequately identifies how the evidence that he asserts he has not yet been able to obtain can reasonably be expected to raise genuine issues of material fact relevant to the summary judgment motion. Turley argues that Catipovic already has access to his own deposition and the deposition of his colleague, Mr. Wendland, so that he does not need the depositions of Turley, McHugh, or others to address the legal and factual issues raised in Turley's Motion For Summary Judgment—indeed, Turley argues that he is entitled to summary judgment, even if the court were to accept Catipovic's version of the facts as true. Turley also points out that the parties have now exchanged thousands

---

Turley's Motion For Summary Judgment, purportedly in compliance with the applicable rules.

of pages of documents concerning the matters at issue in his Motion For Summary Judgment. Turley argues that a mere declaration by counsel that materials sought might raise genuine issues of material fact is not enough.

In a Reply (docket no. 80), filed August 27, 2013, Catipovic argues that Turley should not now be permitted to prevent him from completing discovery to which he is entitled to respond to Turley's Motion For Summary Judgment, owing to the delays in pertinent depositions known to Turley at the time that Turley filed his Motion, well before the discovery and dispositive motions deadlines. He reiterates that his counsel has identified issues on which further discovery may raise genuine issues of material fact, noting where and how Turley has raised or disputed these issues. He also asserts that granting a continuance to complete discovery will not unduly delay the case or prejudice any party.

I recently explained in *Community Voice, L.L.C. v. Great Lakes Commc'n Corp.*, No. C 12–4048–MWB, 2012 WL 3043064 (N.D. Iowa July 25, 2012), that

> [Rule 56(d) (formerly Rule 56(f)) of the Federal Rules of Civil Procedure] provides an extension of time in which to respond to a summary judgment motion in order to complete further discovery. *Marksmeier v. Davie*, 622 F.3d 896, 903 (8th Cir. 2010). This rule facilitates the principle that "'summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Ray v. American Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)).
>
>> As the Eighth Circuit Court of Appeals explained,
>>
>> We review a district court's denial of a motion filed under Rule 56(f) [now 56(d) ] for abuse of discretion. *See Elnashar v. Speedway SuperAmerica, LLC*, 484 F.3d 1046, 1054 (8th Cir.2007). "Under Rule 56(f) [now 56(d)], a party opposing summary judgment may 'seek a continuance and postpone a summary judgment decision,' but 'the party opposing summary judgment is required to file an affidavit with the district court showing what specific facts further

3

> > discovery might uncover.'" *Anuforo v. C.I.R.*, 614 F.3d 799, 808 (8th Cir. 2010) (quoting *Roark v. City of Hazen*, 189 F.3d 758, 762 (8th Cir.1999)).
>
> *Marksmeier*, 622 F.3d at 903; *see also Ray*, 609 F.3d at 923 ("To obtain a Rule 56(f) [now 56(d) ] continuance, the party opposing summary judgment must file an affidavit 'affirmatively demonstrating … how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'" (quoting *Humphreys v. Roche Biomedical Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). Where an affidavit offered in support of a Rule 56(d) motion fails to meet the rule's requirements, the district court does not abuse its discretion in denying the motion for an extension of time to conduct further discovery. *Id*. A Rule 56(d) motion may also be denied, if the additional information that the movant claims it must discover is not relevant to the opposing party's grounds for summary judgment. *Ray*, 609 F.3d at 923.

*Community Voice, L.L.C.*, 2012 WL 3043064 at *1-*2.

As in *Community Voice*, there is some merit to Turley's arguments that further discovery may not be required in this case, because much of the information that Catipovic seeks from further discovery is already known to Catipovic from other discovery and his own knowledge. *Id*. at *2. On the other hand, also as in *Community Voice*, there is some merit to Catipovic's argument that his supporting brief and the affidavit of his counsel do outline factual disputes on which Catipovic has never obtained deposition testimony from principal actors and witnesses. *Id*. Notwithstanding Turley's objections, I believe that Catipovic's counsel has adequately identified both the issues and the deponents that may shed light on those issues, as well as the reasons that the additional discovery may generate genuine issues of material fact on relevant issues. Certainly, Catipovic has the better argument that the timing of Turley's Motion For Summary Judgment, well before the discovery deadline and the dispositive motion deadline, and Turley's attempts to prevent Catipovic from now

4

obtaining discovery that he asserts is necessary, smacks more of gamesmanship than legitimate complaints that Catipovic has unduly delayed the taking of pertinent discovery, particularly in the absence of any argument about—let alone any hint of—prejudice to Turley. Moreover, Catipovic's counsel has raised legitimate "good cause" grounds for an extension of the summary judgment resistance deadline—grounds that a reasonable opponent might have respected. Thus, Turley's position also smacks more of a lack of professional courtesy than any concern that Turley will be prejudiced by a reasonable delay. I find this dispute surprising, where all of the attorneys involved on both sides are highly regarded Iowa lawyers. I expect—and all too often get—such disputes from big, out-of-state law firms, but such disputes among Iowa attorneys are, thankfully, quite rare.

Under the circumstances, I find that Catipovic should be granted additional time to respond to Turley's Motion For Summary Judgment. I do not find it necessary to deny Turley's Motion For Summary Judgment *without prejudice*, as I did in *Community Voice*. *See* 2012 WL 3043064 at *2. Rather, a continuance of Catipovic's deadline to respond to Turley's Motion For Summary Judgment, to the existing deadline for dispositive motions, seems to me to be the appropriate course here.

THEREFORE, plaintiff Catipovic's August 23, 2013, Motion For Continuance Of Summary Judgment Proceedings (docket no. 77) is **granted**, and Catipovic shall have **to and including November 22, 2013,** within which to respond to Turley's Motion For Summary Judgment (docket no. 68).

**IT IS SO ORDERED**.

**DATED** this 28th day of August, 2013.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA