# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### CENTRAL DIVISION

BRANIMIR CATIPOVIC,

          Plaintiff,

vs.

MARK TURLEY, ROLAND FAGEN,
and FAGEN, INC.,

          Defendants.

No. C 11-3074-MWB

**MEMORANDUM OPINION AND
ORDER REGARDING DEFENDANTS'
MOTIONS FOR SUMMARY
JUDGMENT**

_____

     Plaintiff Branimir Catipovic, a Massachusetts citizen who is once again an Iowa resident, seeks to recover damages for breach of contract and unjust enrichment from defendant Mark Turley, an Irish investor now living in Hungary, and damages for unjust enrichment from defendant Roland Fagan, a Minnesota citizen, and his Minnesota company, defendant Fagen, Inc., which is engaged in commercial and industrial contracting and engineering services, focusing primarily on the ethanol plant industry. These claims arise from the failure of an alleged partnership to develop ethanol production facilities in Eastern Europe. This matter is currently set for a jury trial to begin on April 14, 2014.

     This case is now before me on three dispositive motions: (1) Turley's August 5, 2013, Motion For Summary Judgment (docket no. 68), seeking summary judgment on Catipovic's breach-of-contract and unjust enrichment claims against him; (2) the Fagen defendants' October 15, 2013, Motion For Summary Judgment (docket no. 82), seeking summary judgment on Catipovic's unjust enrichment claim against them; and (3) Turley's November 22, 2013, Supplemental Motion For Summary Judgment On The Basis Of [Lack] Of Personal Jurisdiction (docket no. 98), asserting that full

discovery demonstrates that Turley has insufficient contacts with Iowa relating to this matter to establish this court's personal jurisdiction over him as a matter of law, so that summary judgment for lack of personal jurisdiction over him is appropriate or, in the alternative, seeking an evidentiary hearing on the fundamental issue of personal jurisdiction. After extensions of time, *inter alia*, to complete discovery on the first two motions, all three motions have now been duly resisted and replies have been filed. Although the movants requested oral arguments on the pending motions, my crowded schedule has not permitted the timely scheduling of such oral arguments, and I find the parties' written submissions sufficient to address the issues presented. Therefore, I will resolve these motions on the written submissions.

Summary judgment is only appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (emphasis added); *see Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005) ("Summary judgment is appropriate if viewing the record in the light most favorable to the nonmoving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law."); *see generally Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, "[t]he movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (*en banc*) (quoting *Celotex*, 477 U.S. at 323). In response, "[t]he nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts,' and must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.*

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)).

When the parties have met their burden, the district judge's task is as follows:

> "On a motion for summary judgment, 'facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts.'" *Ricci v. DeStefano*, –––U.S. ––––, 129 S. Ct. 2658, 2677, 174 L. Ed. 2d 490 (2009) quoting *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal quotations omitted). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). . . . . "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" *Ricci*, 129 S. Ct. at 2677, quoting *Matsushita*, 475 U.S. at 587, 106 S. Ct. 1348.

*Torgerson*, 643 F.3d at 1042-43.

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ryan v. Capital Contractors, Inc.*, 679 F.3d 772, 776 (8th Cir. 2012). However, summary judgment is particularly appropriate when only questions of law are involved, rather than factual issues that may or may not be subject to genuine dispute. *See, e.g., Cremona v. R.S. Bacon Veneer Co.*, 433 F.3d 617, 620 (8th Cir. 2006).

I will first consider Turley's November 22, 2013, Supplemental Motion For Summary Judgment On The Basis Of [Lack] Of Personal Jurisdiction (docket no. 98), because, if this court lacks personal jurisdiction over defendant Turley, it is

inappropriate for me to consider summary judgment on the merits of the claims against him. This is the second time that Turley has challenged this court's personal jurisdiction over him.[1] In his renewed challenge to personal jurisdiction, Turley argues that there are no genuine issues of material fact, in light of a complete record, that this court lacks personal jurisdiction over him. I disagree. Rather, viewing the facts in the light most favorable to Catipovic and leaving to the jury credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, as I must on a motion for summary judgment, *Torgerson*, 643 F.3d at 1042-43, I find genuine issues of material fact as to whether, in the course of the parties' business relationship, Turley purposefully established sufficient minimum contacts within this forum for the exercise of personal jurisdiction over him to be appropriate. Those genuine issues of material fact relate to the parties' negotiations, whether and when any

---

[1] On June 8, 2012, I entered a Memorandum Opinion And Order Regarding Defendants' Motions To Dismiss (docket no. 25), *Catipovic v. Turley*, 2012 WL 2089552 (N.D. Iowa June 8, 2012) (slip op.), in which I denied Turley's April 23, 2012, Motion To Dismiss Plaintiff's First Amended Complaint For Lack Of Personal Jurisdiction (docket no. 16), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In that decision, I explained, *inter alia*, that "[t]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts "to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state," *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation marks and citations omitted), and that, "[w]here, as here, the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 745 (8th Cir. 2011) (internal quotation marks and citations omitted). I concluded that Catipovic had pleaded sufficient facts to make the *prima facie* showing that the exercise of personal jurisdiction over Turley was proper.

agreement or agreements between the parties were finalized, when and where any agreement contemplated there would be future consequences, the existence and the terms of the contract or contracts between the parties, and the parties' actual course of dealing. *K-V Pharm. Co.*, 648 F.3d at 593 (identifying factors relevant to personal jurisdiction for a breach-of-contract case). Thus, summary judgment on the issue of personal jurisdiction is not appropriate in this case.

If I decline to grant summary judgment, Turley asks that I set the matter for an evidentiary hearing on the fundamental issue of personal jurisdiction. Turley has known at least since I denied his motion to dismiss for lack of personal jurisdiction that the matter could be addressed by evidentiary hearing, after which I would be able to determine the personal jurisdiction issues, not merely decide whether Catipovic had made a sufficient *prima facie* showing to proceed. At this very late juncture, however, an evidentiary hearing on the fundamental question of personal jurisdiction would result in none of the savings in time or resources of the parties—and particularly the party allegedly wrongfully haled into court in an improper foreign jurisdiction—or the court that might have been obtained had the question been addressed at an evidentiary hearing much earlier. Moreover, the question of personal jurisdiction over Turley in this case is inextricably intertwined with the merits of Catipovic's claims, as Turley's briefing of the personal jurisdiction issue shows, where I note that among Turley's arguments concerning personal jurisdiction is an argument that no agreement between the parties was ever reached in Iowa or to be executed in Iowa, so that his contacts with Iowa are merely "fortuitous." Again, Catipovic has made a sufficient *prima facie* showing of personal jurisdiction *pretrial* for the question to await disposition at trial. *Pangaea, Inc.*, 647 F.3d at 745 ("When jurisdiction is challenged on a pretrial motion to dismiss, the nonmoving party need only make a prima facie showing of jurisdiction." (internal

quotation marks and citations omitted)).  Turley's alternative request for a pretrial
evidentiary hearing on personal jurisdiction is also denied.

Turley's and the Fagen defendants' motions for summary judgment on the merits
of Catipovic's claims may be even more briefly disposed of, in light of genuine issues
of material fact on various elements of Catipovic's breach-of-contract and unjust
enrichment claims, the "governing law" against which the parties' factual contentions
must be measured on summary judgment.  *See Anderson*, 477 U.S. at 248.  As the
Iowa Supreme Court has explained,

> To prevail on a breach of contract claim, [the claimant] [i]s
> required to prove: (1) the existence of a contract, (2) the
> terms and conditions of the contract, (3) that [the claimant]
> has performed all the terms and conditions required under
> the contract, (4) the [opposing party's] breach of the
> contract in some particular way, and (5) that [the claimant]
> has suffered damages as a result of [the opposing party's]
> breach. *Molo Oil Co. v. River City Ford Truck Sales, Inc.*,
> 578 N.W.2d 222, 224 (Iowa 1998).

*Royal Indem. Co. v. Factory Mut. Ins. Co.*, 786 N.W.2d 839, 846 (Iowa 2010); *see
Hagen v. Siouxland Obstetrics & Genecology, P.C.*, 934 F. Supp. 2d 1026, 1053
(N.D. Iowa 2013) (citing *Royal Indem. Co.*, 786 N.W.2d at 846, for the elements of a
breach-of-contract claim under Iowa law); *Nationwide Agribusiness Ins. Co. v. SMA
Elevator Constr., Inc.*, 816 F. Supp. 2d 631, 688 (N.D. Iowa 2011) (citing *Molo Oil
Co.*, 578 N.W.2d at 224, for the same elements).  Notwithstanding Turley's efforts to
brand his characterization of the facts as demonstrating the lack of genuine disputes, a
careful review of the record, viewing the facts in the light most favorable to Catipovic
and leaving to the jury credibility determinations, the weighing of the evidence, and the
drawing of legitimate inferences from the facts, as I must on a motion for summary
judgment, *Torgerson*, 643 F.3d at 1042-43, demonstrates that there are genuine issues
of material fact on these elements.  At the very least, there are genuine issues of

material fact on the parties' negotiations, whether and when any agreement or agreements between the parties were finalized, when and where any agreement contemplated there would be future consequences, the existence and the terms of the contract or contracts between the parties, whether the parties performed or breached the terms of any agreements, and the parties' actual course of dealing. Turley is not entitled to summary judgment on Catipovic's breach-of-contract claim against him.

The Eighth Circuit Court of Appeals has explained, "To recover for unjust enrichment [under Iowa law], [the plaintiff] must show: '(1) [the defendant] was enriched by the receipt of a benefit; (2) the enrichment was at the expense of [the plaintiff]; and (3) it is unjust to allow the defendant to retain the benefit under the circumstances.'" *Lakeside Feeders, Inc. v. Producers Livestock Mktg. Ass'n*, 666 F.3d 1099, 1112 (8th Cir. 2012) (quoting *State ex rel. Palmer v. Unisys Corp.*, 637 N.W.2d 142, 149 (Iowa 2001)). Again, notwithstanding the defendants' efforts to brand their characterization of the facts as demonstrating the lack of genuine disputes, a careful review of the record, viewing the facts in the light most favorable to Catipovic and leaving to the jury credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, as I must on a motion for summary judgment, *Torgerson*, 643 F.3d at 1042-43, demonstrates that there are genuine issues of material fact on these elements. These genuine issues of material fact include, at the very least, whether the defendants received anything of benefit from Catipovic—a particularly hotly disputed issue here, in light of what information or other alleged benefits Catipovic allegedly provided—whether they were enriched at Catipovic's expense in building ethanol plants in Eastern Europe for example, by using information or contacts that he provided, and whether there were any promises among the parties or other circumstances that make it unjust to allow the defendants to retain the benefits that they obtained from Catipovic under the circumstances. Neither Turley nor the Fagen

7

defendants are entitled to summary judgment on Catipovic's unjust enrichment claims against them.

THEREFORE,

1.    Defendant Turley's August 5, 2013, Motion For Summary Judgment (docket no. 68), seeking summary judgment on Catipovic's breach-of-contract and unjust enrichment claims against him, is **denied**;

2.    The Fagen defendants' October 15, 2013, Motion For Summary Judgment (docket no. 82), seeking summary judgment on Catipovic's unjust enrichment claim against them, is **denied**; and

3.    Defendant Turley's November 22, 2013, Supplemental Motion For Summary Judgment On The Basis Of [Lack] Of Personal Jurisdiction (docket no. 98), including his alternative request for a pretrial evidentiary hearing on personal jurisdiction, is **denied**.

This matter will proceed to trial on all claims against all defendants, as currently scheduled, on April 14, 2014.

**IT IS SO ORDERED**.

**DATED** this 21st day of January, 2014.

MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA