# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

| | |
|---|---|
| BRANIMIR CATIPOVIC, | |
| Plaintiff, | No. C11-3074-MWB |
| vs. | **ORDER** |
| MARK TURLEY, ROLAND FAGEN, and FAGEN, INC., | |
| Defendants. | |

_____

This case is before me on a motion (Doc. No. 126) by defendant Mark Turley to both (a) establish a trial schedule to accommodate special circumstances of his witnesses and (b) permit testimony via live videoconferencing. Turley seeks permission to call three of his own witnesses (Sievers, Patchell and McHugh) during plaintiff Branimir Catipovic's case-in-chief. He also seeks permission to call three additional witnesses (Moore, Murphy and Kocza) via live videoconferencing because they reside in Europe. Turley states that his co-defendants consent to the requested relief. Catipovic does not, and has filed a resistance (Doc. No. 128).

Turley seeks expedited relief in light of the fact that trial is scheduled to begin on April 14, 2014. No party has requested oral argument and, in any event, I find that oral argument is not necessary. N.D. Ia. L.R. 7(c). The motion is fully submitted.

Because expedited relief is requested, and because the matters at issue are squarely within the court's broad discretion "over the mode and order of examining witnesses and presenting evidence,"[1] I find that a detailed written analysis of the matters in dispute is

---

[1] *See* Fed. R. Evid. 611; *see also Thompson v. Kawasaki Heavy Industries, Ltd.*, 291 F.R.D. 297, 312-13 (N.D. Iowa 2013).

not necessary. Instead, having carefully considered the parties' written arguments, I find that Turley's motion should be **granted in part** and **denied in part**, as follows:

1. Because of the obvious prejudice that would result to Catipovic if his case-in-chief was interrupted, and indeed virtually co-opted, by allowing Turley to call three of his own witnesses out of order, Turley may call no more than **one** witness, of his choosing, to testify during Catipovic's case-in-chief. Turley shall notify counsel for all other parties of his decision concerning the "out of order" witness no later than **March 22, 2014**. Turley's counsel and Catipovic's counsel shall then make exhaustive good faith efforts to agree on a specific date and time for the "out of order" witness to appear and testify, balancing the need to minimize the prejudice to Catipovic with the need to minimize the inconvenience to the "out of order" witness. If the parties are unable to reach agreement on this issue prior to the final pretrial conference, the court will establish the date and time for the "out of order" witness's testimony.

2. Turley may not call the other two proposed "out of order" witnesses until after Catipovic has rested his case. Those witnesses may then testify either as live witnesses, personally present in the courtroom, or via live videoconferencing, as discussed further below.

3. Good cause exists for Turley to call up to five witnesses via live videoconferencing during his case-in-chief. Those witnesses may include either or both of the proposed "out of order" witnesses who cannot be called during Catipovic's case-in-chief, along with witnesses Moore, Murphy and Kocza.

4. Turley shall disclose to counsel for all other parties, no later than **March 22, 2014**, the names of all witnesses who will testify via live videoconferencing. Moreover, prior to the final pretrial conference Turley's counsel shall provide counsel for all other parties with a list of all trial exhibits they expect, in good faith, to utilize during the testimony of each "videoconference" witness. Counsel for the other parties

may then designate, on or before **April 3, 2014**, any additional trial exhibits that they expect, in good faith, to use during their questioning of each witness. Turley's counsel shall be responsible for providing each "videoconference" witness with copies of all trial exhibits designated by any party for use with that witness before the witness is called to testify.

      5.    Turley bears full responsibility for making all necessary logistical and technological arrangements to present the testimony of any witness during trial via live videoconferencing. Turley shall also bear any and all resulting expenses.

      **IT IS SO ORDERED.**

      **DATED** this 27th day of February, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE