IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| BRANIMIR CATIPOVIC, <br><br>  Plaintiff, <br><br> vs. <br><br> MARK TURLEY, ROLAND FAGEN, and FAGEN, INC. <br><br>  Defendants. | CIVIL NO. C11-3074 MWB <br><br> **DEFENDANT MARK TURLEY'S MOTION IN LIMINE** |

COMES NOW Defendant Mark Turley (hereinafter "Turley") and hereby moves in limine to prohibit Plaintiff Branimir Catipovic, Plaintiff's Counsel and any witnesses from discussing during opening statements, presentation of the evidence, or closing arguments any of the following matters:

1. Any testimony or opinions from Plaintiff's expert Michael Ott (hereinafter "Ott"). Ott lacks the qualifications necessary to testify as an expert in business valuations. Further, the opinions set forth in his report are not supported by sufficient facts and data as required by Rule 702 and Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

2. Any testimony regarding future lost profits for the Dunafoldvar Ethanol Facility under Iowa's "new business rule." Any testimony or evidence regarding future lost profits is unduly speculative, cannot be determined with reasonable certainty and should be barred.

3. Any reference to Fergus Murphy's travel restrictions should be excluded under Rules 401, 402 and 403 because it is irrelevant and unduly prejudicial.

4. Any reference to unpleaded claims regarding alleged fraud or alleged conspiracy of Defendant Turley with the Fagen Defendants should be barred under Rules 402 and 403.

5. Any evidence or testimony related to any damages not disclosed by Plaintiff in his Answers to Interrogatories or Initial Disclosures should be barred pursuant to Federal Rules of Civil Procedure 26 and 37(c).

6. Any evidence or testimony regarding the relative wealth of the parties or Defendant Mark Turley's personal wealth should be excluded under Rules 401, 402 and 403 as irrelevant and unduly prejudicial.

7. Any evidence or testimony related to pre-trial settlement discussions or offers to compromise should be excluded under Rule 408.

8. Any evidence regarding correspondence between Walt Wendland and Mark Turley dated October 24, 2012 should be barred as improper character evidence under Rules 404 and 608, and as irrelevant and unduly prejudicial pursuant to Rules 401, 402 and 403

9. Turley files herewith an accompanying Brief in Support of its Motions in Limine and incorporates by reference the arguments made therein.

WHEREFORE, Defendant Mark Turley requests that the Court enter an order prohibiting Plaintiff from raising the above-referenced matters during the trial of this case.

/s/ Michael C. Richards
Sharon K. Malheiro AT0004936
Michael C. Richards AT0010828
William E. Hanigan AT0003284
Elizabeth R. Meyer AT0010139
DAVIS, BROWN, KOEHN, SHORS
 & ROBERTS, P.C.
The Davis Brown Tower
215 10th Street, Ste. 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Facsimile: (515) 243-0654
Email: sharonmalheiro@davisbrownlaw.com
Email: mikerichards@davisbrownlaw.com
Email: billhanigan@davisbrownlaw.com
Email: elizabethmeyer@davisbrownlaw.com

ATTORNEYS FOR DEFENDANT
MARK TURLEY

Copy to:

Kevin J. Visser
Paul D. Gomez
Simmons Perrine Moyer Bergman PLC
115 Third Street, SE, Suite 1200
Cedar Rapids, Iowa 52401

ATTORNEYS FOR PLAINTIFF
BRANIMAR CATIPOVIC

Connie M. Alt
Dana L. Oxley
Shuttleworth & Ingersoll, PLC
115 3rd Street SE, Suite 500
Cedar Rapids, Iowa 52401

ATTORNEY FOR DEFENDANTS
ROLAND FAGEN AND FAGEN, INC.

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on **February 28, 2014** by:

☐ US Mail ☐ FAX
☐ Hand Delivered ☐ Overnight Courier
☐ Federal Express ☒ Other: CM-ECF Filing

Signature: /s/Michael C. Richards