# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| BRANIMIR CATIPOVIC,<br><br>　　　　Plaintiff,<br>vs.<br><br>MARK TURLEY, ROLAND FAGEN, and FAGEN, INC.,<br><br>　　　　Defendants. | No. C 11-3074-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT TURLEY'S RENEWED MOTION FOR A PRE-TRIAL HEARING ON THE ISSUE OF PERSONAL JURISDICTION** |

_____

　　　　Plaintiff Branimir Catipovic, a Massachusetts citizen who is once again an Iowa resident, seeks to recover damages for breach of contract and unjust enrichment from defendant Mark Turley, an Irish investor now living in Hungary, and damages for unjust enrichment from defendant Roland Fagen, a Minnesota citizen, and his Minnesota company, defendant Fagen, Inc., which is engaged in commercial and industrial contracting and engineering services, focusing primarily on the ethanol plant industry. These claims arise from the failure of an alleged partnership to develop ethanol production facilities in Eastern Europe. Although this matter had been set for a jury trial to begin on April 14, 2014, by Order (docket no. 163), filed April 2, 2014, the jury trial in this matter was reset to begin on November 12, 2014.

　　　　This case is now before me on defendant Turley's May 23, 2014, Renewed Motion For A Pre-Trial Evidentiary Hearing On The Issue Of Personal Jurisdiction (docket no. 165). In that Motion, Turley argues that I denied his request for a pre-trial evidentiary hearing on personal jurisdiction in his November 22, 2013, Supplemental Motion For Summary Judgment On The Basis Of Personal Jurisdiction (docket no. 98), in part, on the ground that a pre-trial evidentiary hearing was not likely to result in a savings of time

or resources when trial was less than three months away. Turley argues that, because the trial has now been continued to November 12, 2014, an evidentiary hearing to determine whether or not personal jurisdiction over him exists in this case is now appropriate. Somewhat more specifically, Turley argues that a one- or two-day pre-trial evidentiary hearing on personal jurisdiction, likely involving only about 7 witnesses (some by videoconferencing from Europe) and no more than about 50 exhibits, would resolve the issue of personal jurisdiction and that, even if I determine that personal jurisdiction over him is proper, would streamline the jury trial and reduce the costs of transporting some of those witnesses to the United States for trial. In a Supplement (docket no. 166) to his Motion, Turley represents that he has conferred with other counsel and that counsel for Catipovic opposes his request for a pre-trial evidentiary hearing on the issue of personal jurisdiction, but the Fagen Defendants consent to it.

Catipovic filed his Resistance (docket no. 167) to the present Motion on June 9, 2014. In his Resistance, Catipovic argues that the court has twice rejected Turley's challenges to personal jurisdiction over him—once on a Rule 12(b) motion and once on a summary judgment motion—and that the issue has been fully disposed of pending trial. Catipovic argues that the proximity of trial was not the only reason that I denied Turley's previous request for a pre-trial evidentiary hearing on personal jurisdiction in his summary judgment motion; rather, Catipovic points out that I did so in large part because the issue of personal jurisdiction was inextricably intertwined with the merits of his claims on which there are disputed facts for a jury to determine. Catipovic argues that no new facts have been discovered nor has any new authority emerged that would require me to consider Turley's renewed request for a pre-trial evidentiary hearing. Indeed, Catipovic argues that a pre-trial evidentiary hearing would actually waste resources and prejudice him, because it would be a distraction from useful trial preparations.

This is, indeed, the third time that Turley has challenged this court's personal jurisdiction over him. On June 8, 2012, I entered a Memorandum Opinion And Order

Regarding Defendants' Motions To Dismiss (docket no. 25), *Catipovic v. Turley*, 2012 WL 2089552 (N.D. Iowa June 8, 2012) (slip op.), in which I denied Turley's April 23, 2012, Motion To Dismiss Plaintiff's First Amended Complaint For Lack Of Personal Jurisdiction (docket no. 16), pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In that decision, I explained, *inter alia*, that "[t]o survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that personal jurisdiction exists, which is accomplished by pleading sufficient facts "to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state," *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (internal quotation marks and citations omitted), and that, "[w]here, as here, the district court does not hold a hearing and instead relies on pleadings and affidavits, . . . the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party." *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 745 (8th Cir. 2011) (internal quotation marks and citations omitted). I concluded that Catipovic had pleaded sufficient facts to make the *prima facie* showing that the exercise of personal jurisdiction over Turley was proper.

Turley's second challenge was in his November 22, 2013, Supplemental Motion For Summary Judgment On The Basis Of Personal Jurisdiction (docket no. 98). Much as Catipovic states, I rejected that challenge, in a Memorandum Opinion And Order Regarding Defendants' Motions For Summary Judgment (docket no. 125), filed on January 21, 2014. *See Catipovic v. Turley*, No. C 11–3074–MWB, 2014 WL 222605 (N.D. Iowa Jan. 21, 2014). In that ruling, I concluded that, viewing the facts in the light most favorable to Catipovic and leaving to the jury credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts, as I was required to do on a motion for summary judgment, there were genuine issues of material fact as to whether, in the course of the parties' business relationship, Turley purposefully established sufficient minimum contacts within this forum for the exercise

of personal jurisdiction over him to be appropriate. I also rejected Turley's *alternative* request for a pre-trial evidentiary hearing on personal jurisdiction, for the following reasons:

> At this very late juncture, however, an evidentiary hearing on the fundamental question of personal jurisdiction would result in none of the savings in time or resources of the parties—and particularly the party allegedly wrongfully haled into court in an improper foreign jurisdiction—or the court that might have been obtained had the question been addressed at an evidentiary hearing much earlier. Moreover, the question of personal jurisdiction over Turley in this case is inextricably intertwined with the merits of Catipovic's claims, as Turley's briefing of the personal jurisdiction issue shows, where I note that among Turley's arguments concerning personal jurisdiction is an argument that no agreement between the parties was ever reached in Iowa or to be executed in Iowa, so that his contacts with Iowa are merely "fortuitous." Again, Catipovic has made a sufficient *prima facie* showing of personal jurisdiction pretrial for the question to await disposition at trial.

Memorandum Opinion And Order Regarding Defendants' Motions For Summary Judgment (docket no. 125) at 5, *Catipovic*, 2014 WL 222605 at *3.

I now reject Turley's contention that continuing the trial to November 12, 2014, makes it appropriate to hold a pre-trial evidentiary hearing on this court's personal jurisdiction over him. I reiterate that Turley has known at least since I denied his motion to dismiss for lack of personal jurisdiction that the matter could be addressed by evidentiary hearing, after which I would be able to determine the personal jurisdiction issues, not merely decide whether Catipovic had made a sufficient *prima facie* showing to proceed. Similarly, he has known about the continuance of the trial at least since April 2, 2014, but he waited over seven weeks to renew his request for an evidentiary hearing. I also conclude that, even with the continuance of the trial date, an evidentiary hearing on the fundamental question of personal jurisdiction would result in none of the savings

in time or resources of the parties or the court that might have been obtained had the question been addressed at an evidentiary hearing much earlier. A one- or two-day pre-trial evidentiary hearing on personal jurisdiction, likely involving at least 7 witnesses (some by video-conferencing from Europe) and as many as 50 exhibits would *not* result in a substantial savings in resources of the parties or the court—unless Turley were to succeed in his challenge to personal jurisdiction. That challenge, however, is inextricably intertwined with the merits of Catipovic's claims, and Turley's briefing on his present Motion does nothing to dispel that conclusion. Again, Catipovic has made a sufficient *prima facie* showing of personal jurisdiction *pre-trial* for the question to await disposition at trial or after trial. *Pangaea, Inc.*, 647 F.3d at 745 ("When jurisdiction is challenged on a pretrial motion to dismiss, the nonmoving party need only make a prima facie showing of jurisdiction." (internal quotation marks and citations omitted)). Under these circumstances, a pre-trial evidentiary hearing is not the most appropriate or efficient way to resolve the question of this court's personal jurisdiction over Turley.

THEREFORE, Turley's May 23, 2014, Renewed Motion For A Pre-Trial Evidentiary Hearing On The Issue Of Personal Jurisdiction (docket no. 165) is **denied**. The question of this court's personal jurisdiction over Turley will be resolved at or after trial, in conjunction with the intertwined issues of the merits of Catipovic's claims against Turley.

**IT IS SO ORDERED**.

**DATED** this 16th day of June, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA