## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

BRANIMIR CATIPOVIC,

            Plaintiff,

vs.

MARK TURLEY,

            Defendant.

No. C 11-3074-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S ORDER DENYING RENEWED MOTION FOR LEAVE TO AMEND TO ASSERT FRAUD CLAIM**

_____

## TABLE OF CONTENTS

I.    **INTRODUCTION** ................................................................. 2
   A.   *Procedural Background* .................................................. 2
   B.   *The Challenged Order* ................................................... 3
   C.   *Arguments Of The Parties* ............................................. 5
       1.   *Catipovic's Objections* ........................................... 5
       2.   *Turley's Response* ................................................. 6

II.   **LEGAL ANALYSIS** ........................................................... 7
   A.   *Standard Of Review* ..................................................... 7
   B.   *Application Of The Standard* .......................................... 11
       1.   *"Diligence"* ...................................................... 11
       2.   *"Futility"* ....................................................... 12
       3.   *"Prejudice"* ...................................................... 14

III.  **CONCLUSION** ............................................................... 16

# I.     INTRODUCTION

## A.     *Procedural Background*

This case is before me—admittedly, belatedly—on plaintiff Branimir Catipovic's December 4, 2013, Objections To Order Denying Renewed Motion For Leave To Amend (docket no. 108).  These Objections are to United States Magistrate Judge Leonard T. Strand's November 20, 2013, Order (docket no. 97), denying Catipovic's October 17, 2013, Renewed Motion For Leave To Amend Complaint (docket no. 86), seeking leave to assert a fraud claim against defendant Mark Turley.  Turley filed a Response To Plaintiff's Objections To Order Denying Renewed Motion For Leave To Amend (docket no. 115) on December 11, 2013.  Unfortunately, owing to the manner in which the Objections were filed and categorized in the court's electronic court filing (ECF) system, the Objections were not brought to my attention as a pending matter.  Catipovic only recently brought to my attention that the Objections were still pending.  I have tried to address the Objections as expeditiously as possible, once they were brought to my attention, recognizing that the trial of this matter is set to begin on November 12, 2014.

Catipovic has requested oral arguments on his Objections, but my crowded schedule has not allowed for the scheduling of such oral arguments in the relatively short time remaining before trial.  Moreover, I find the parties' written submissions adequate to address the issues raised.  Therefore, I will consider Catipovic's Objections on the parties' written submissions.

## B.     The Challenged Order

In the challenged Order (docket no. 97), Judge Strand concluded, first, that Catipovic had failed to show good cause for an untimely amendment to add a fraud claim. Order at 8-10.  More specifically, he concluded that, "[a]ssuming it is true that Turley's [September 2013 deposition] testimony revealed relevant new evidence concerning the proposed fraud claim, it is the 'despite diligence' part [of the 'good cause' standard for untimely amendments] that again trips Catipovic up." *Id*. at 9.  Judge Strand concluded that this was so, for the following reasons:

> By the time Catipovic finally deposed Turley, this case had been on file for over twenty months and the deadline for amendments to pleadings had long expired. It appears that the case had been pending for over one year before Catipovic commenced any efforts to schedule Turley's deposition. He then devoted substantial time to fighting about the location of the deposition before finally deciding to travel to Hungary to depose not only Turley, but five nonparty witnesses as well. Doc. No. 92. Given the number of nonparties in Hungary who apparently possess relevant information, it is difficult to understand why Catipovic sought to avoid taking a trip to that country for depositions. In any event, it is very clear that Catipovic had ample opportunity to depose Turley (either by videoconference or otherwise) before the May 29, 2013, deadline for amendments to pleadings. As such, even if Turley's deposition in September 2013 resulted in the discovery of new information, Catipovic cannot establish "that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. [v. Lincoln Nat'l Life Ins. Co.]*, 590 F. Supp. 2d [1093,] 1100 [(N.D. Iowa 2008)]. Catipovic has not established good cause for an untimely amendment, as required by Rule 16(b). His motion must be denied on that basis.

Order at 10 (footnote omitted).

Judge Strand also concluded that Catipovic's proposed amendment was not allowable, because it was both "futile" and "unduly prejudicial" to Turley. As to "futility," Judge Strand considered each of the proposed additions to Catipovic's previously-rejected fraud claim in turn, explaining that each addition involved no more than a conclusory allegation, not an allegation of specific facts from which fraudulent intent could be inferred. *Id*. at 13-15. Judge Strand concluded,

> Despite now having had the opportunity to depose Turley and other witnesses, Catipovic still has not alleged specific facts giving rise to a strong inference of fraudulent intent. As an alternative basis for denying the renewed motion to amend, I hold that the proposed new fraud claim is futile for the same reasons described by Judge Scoles and Judge Bennett in their prior rulings.

Order at 15. As to "undue prejudice," Judge Strand concluded, as follows:

> Here, discovery has already closed. Catipovic suggests there would be no need to reopen discovery if he is allowed to add a fraud claim to this case. He goes so far as to state that if Turley believes any of the already-deposed witnesses have relevant evidence, he can simply call them as witnesses at trial. I categorically reject this argument. As evidenced by Catipovic's ongoing pleading problems, fraud is a tort claim with additional elements that are distinct from those presented by his existing, contract-based causes of action. It would be manifestly unjust to allow Catipovic to add a fraud claim, and introduce the possibility of punitive damages into this case for the first time, without reopening discovery.
>
> Allowing the amendment and reopening discovery would, naturally, require a postponement of the deadline for dispositive motions. That, in turn, would likely require continuance of the existing trial date. I find that the consequences of adding a fraud claim at this late stage of the

case would be unduly prejudicial to all defendants. This finding presents another alternative basis for denying Catipovic's renewed motion.

Order at 17.

For these reasons, Judge Strand denied Catipovic's Renewed Motion For Leave To Amend Complaint.


### C.     Arguments Of The Parties

#### 1.     Catipovic's Objections

Catipovic objects to Judge Strand's conclusions on each of the grounds that Judge Strand identified for denying his Renewed Motion For Leave To Amend Complaint. First, however, Catipovic argues that, because Judge Strand's order is *effectively* a dispositive ruling on his "fraud" claim, it should be subjected to *de novo* review, not merely the less rigorous "clearly erroneous or contrary to law" standard applicable when a district court reviews a magistrate judge's non-dispositive ruling on a party's objections.

Catipovic also argues that he has a well-pleaded, "well-discovered," and submissible "fraud" claim, so that justice requires leave to amend to assert it. Catipovic argues that, contrary to Judge Strand's view, the record reveals that he diligently pursued discovery, but Turley threw up huge impediments and delays to his discovery of what he contends were Turley's admissions in Turley's deposition that Turley never intended to fulfill any agreement with him. Indeed, he argues that Judge Strand's findings regarding his purported lack of diligence are "gratuitous and incorrect," in light of the history of discovery in this case. He contends that his desire to have written discovery before deposing Turley was entirely justified.

Catipovic argues that his "fraud" claim also is not "futile." He contends that, under Rule 9(b) of the Federal Rules of Civil Procedure, he was allowed to plead *scienter* "generally," and that he has done so. He also contends that Turley cannot credibly

contend that he is unable to respond specifically and quickly to the claim, which is based on Turley's admissions that he never intended to honor an agreement with Catipovic and Wendland. Thus, Catipovic contends that his proposed amendment adequately pleads the circumstances of the alleged fraud.

Finally, Catipovic contends that, contrary to Judge Strand's conclusions, Turley will not be prejudiced by the amendment. Catipovic argues, in essence, that largely the same facts will or should establish fraud as will establish his existing claims of breach of contract and unjust enrichment.

### 2. *Turley's Response*

Turley counters that Judge Strand's Order should be upheld in its entirety, whatever standard of review is applicable. Indeed, Turley concedes that the district court retains the inherent authority to review *de novo* even "non-dispositive" rulings of a magistrate judge.

More specifically, Turley argues that Judge Strand correctly found that Catipovic could not establish the "diligence" prong of the "good cause" requirement for leave to amend, where Catipovic has had almost two years to conduct discovery. Turley also argues that Judge Strand correctly concluded that Catipovic's contention that he purportedly learned facts recently, even if believed, demonstrates a failure of due diligence on his part. Turley argues that Judge Strand correctly concluded that Catipovic unduly delayed deposing Turley.

Turley also argues that Judge Strand correctly concluded that Catipovic's proposed amendment was "futile," because it does not give rise to inferences of fraudulent intent. Rather, Turley argues, Catipovic's proposed amended complaint is nearly identical to the one that the court previously rejected, and that the newly pleaded portions rely only upon mischaracterizations of deposition testimony and semantics. Indeed, Turley argues that Catipovic's brief and proposed second amended complaint select "tidbits" of his

6

deposition testimony, separated by, at times, nearly 100 pages of transcript, without providing adequate context for the statements upon which Catipovic relies. In short, Turley argues that allegations of fraudulent intent are entirely conclusory.

Finally, Turley argues that Judge Strand correctly found that he would be unduly prejudiced if Catipovic's belated amendment is allowed. Turley argues that Judge Strand correctly rejected Catipovic's argument that Turley would suffer "no" prejudice, because a "fraud" claim involves additional elements, requiring different factual support, than the existing claims. Turley also argues that Judge Strand correctly concluded that undue prejudice would follow from the additional discovery required upon introducing a "fraud" claim at such a late stage of the litigation.

## II. LEGAL ANALYSIS

### A. Standard Of Review

The pertinent parts of the statute and rules authorizing the powers of a magistrate judge, 28 U.S.C. § 636(b)(1)(A), Rule 72(a) of the Federal Rules of Civil Procedure, and N.D. IA. L.R. 72.1, all provide for review by a district judge of a magistrate judge's order on *non-dispositive motions* assigned to him or her to which objections have been filed. Where a litigant does not file a timely objection to a magistrate judge's *non-dispositive* order, triggering review by a district judge, the litigant "may not challenge the [magistrate judge's] order on appeal." *McDonald v. City of Saint Paul*, 679 F.3d 698, 709 (8th Cir. 2012). Section 636(b)(1)(A) and Rule 72(a) both specify that such review allows the district judge to modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." *See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law." (citing § 636(b)(1)(A)). Although the Eighth

Circuit Court of Appeals does not appear to have clarified the meaning of "clearly erroneous" in the context of a district court's review of a magistrate judge's ruling, the appellate court's formulation of the "clearly erroneous" standard for its own review of a lower court's ruling is as follows:

> A district court clearly errs if its findings are "not supported by substantial evidence in the record, if the finding[s are] based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made." *Ostenfeld ex rel. Estate of Davis v. Delo*, 115 F.3d 1388, 1393 (8th Cir. 1997).

*Story v. Norwood*, 659 F.3d 680, 685 (8th Cir. 2011). Like other courts, I have read "contrary to law" within the meaning of Rule 72(a) (and, hence, § 636(b)(1)(A)) to mean failure to apply or misapplication of relevant statutes, case law, or rules of procedure. *See United States v. Melton*, 948 F. Supp. 2d 998, 1002 (N.D. Iowa 2013) (quoting *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 206 F.R.D. 78, 86 (S.D.N.Y. 2002)).

The standard of review is different for a magistrate judge's rulings on *dispositive matters*, however. In this context, where the magistrate judge's ruling is ordinarily offered in the form of a "report and recommendation," the applicable statute expressly provides for *de novo* review *when objections are made*, as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and

recommendation). The United States Supreme Court has explained that the statutory standard does not preclude review by the district court in other circumstances, however:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, the specific standard of review may depend upon whether or not a party has objected to portions of the report and recommendation.

*Where, as here, a party files an objection to a magistrate judge's ruling*, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1) (emphasis added). In most cases, to trigger *de novo* review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). Yet, the Eighth Circuit Court of Appeals has been willing to "liberally construe[]" otherwise general *pro se* objections to require a *de novo* review of all "alleged errors," *see Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995), and has also been willing to conclude that general objections require "full de novo review" if the record is concise, *Belk*, 15 F.3d at 815 ("Therefore, even had petitioner's objections lacked specificity, a de novo review would still have been appropriate given such a concise record.").

When objections have been made, and the magistrate judge's report is based upon an evidentiary hearing, "'the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing.'" *United States v. Azure*, 539 F.3d 904, 910 (8th Cir. 2008) (quoting *Jones v. Pillow*, 47 F.3d 251, 252 (8th Cir. 1995), in turn quoting *Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)). Judge Strand did not hold an evidentiary hearing on Catipovic's Renewed Motion For Leave To Amend or

hear oral arguments on the merits of that motion. Instead, he considered only the parties'
written submissions, and I have done the same.[1]

---

[1] *In the absence of an objection*, the district court is not required "to give any more
consideration to the magistrate's report than the court considers appropriate." *Thomas*,
474 U.S. at 150; *see also Peretz v. United States*, 501 U.S. 923, 939 (1991) (stating that
§ 636(b)(1) "provide[s] for de novo review only when a party objected to the magistrate's
findings or recommendations" (emphasis added)); *United States v. Ewing*, 632 F.3d 412,
415 (8th Cir. 2011) ("By failing to file objections, Ewing waived his right to de novo
review [of a magistrate judge's report and recommendation on a suppression motion] by
the district court."). A district court *may* review *de novo* any issue in a magistrate judge's
report and recommendation at any time, even if no objections were made. *Id.* at 154.
This discretion to conduct *de novo* review of any issue at any time makes sense, because
the Eighth Circuit Court of Appeals has "emphasized the necessity . . . of retention by
the district court of substantial control over the ultimate disposition of matters referred to
a magistrate." *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). On the other hand,
*Thomas* suggests that no review at all is required in the absence of any objections. *Id.* at
150 ("We are therefore not persuaded that [§ 636(b)(1)] requires some lesser review by
the district court when no objections are filed.").

Nevertheless, the Eighth Circuit Court of Appeals has indicated that a district court
should review the portions of a magistrate judge's report and recommendation to which
no objections have been made under a "clearly erroneous" standard of review. *See
Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that, when no objections
are filed and the time for filing objections has expired, "[the district court judge] would
only have to review the findings of the magistrate judge for clear error"); *Taylor v.
Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting that the Advisory Committee's Note
to FED. R. CIV. P. 72(b) indicates "when no timely objection is filed the court need only
satisfy itself that there is no clear error on the face of the record"). Review for clear
error, even when no objection has been made, is also consistent with "retention by the
district court of substantial control over the ultimate disposition of matters referred to a
magistrate." *Belk*, 15 F.3d at 815. Although the Eighth Circuit Court of Appeals has
not explained precisely what "clear error" review means in this context, in other contexts,
the Supreme Court has stated that the "foremost" principle under this standard of review
"is that '[a] finding is "clearly erroneous" when although there is evidence to support it,
the reviewing court on the entire evidence is left with the definite and firm conviction
that a mistake has been committed.'" *Anderson v. City of Bessemer City*, 470 U.S. 564,
573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

I need not decide whether a "clearly erroneous or contrary to law" standard of review or a *de novo* standard of review is applicable, based on the nature, subject matter, or effect of the underlying ruling by Judge Strand in this case. Here, Turley concedes that, as the Article III judge presiding over this case, I retain the inherent authority to review the entire Order *de novo*. *Thomas*, 474 U.S. at 154 (affirming the district court's *sua sponte* decision to review a magistrate judge's decision *de novo*); *United States v. Meyer*, 439 F.3d 855, 859 n. 2 (8th Cir. 2006) (same); *Childrey v. Chater*, No. 95–1353, 1996 WL 420265, *1 n.1 (6th Cir. July 25, 1996) (unpublished table disposition) ("In conducting a *de novo* review, the district court is not constrained by the parties' objections." (citing *Thomas*, 474 U.S. at 154)). Moreover, I conclude that Judge Strand's Order withstands even more rigorous *de novo* review.

### B. *Application Of The Standard*

#### 1. *"Diligence"*

Judge Strand was correct that where, as here, a motion for leave to amend a complaint is offered after the deadline in the scheduling order has expired, the movant must show "good cause" within the meaning of Rule 16(b) of the Federal Rules of Civil Procedure for the tardy request. *See, e.g., Popoalli v. Correctional Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008). He was also correct that "'[t]he primary measure of good cause is the movant's diligence in attempting to meet the [scheduling] order's requirements. . . . Our cases reviewing Rule 16(b) rulings focus in the first instance (and usually solely) on the diligence of the party who sought modification of the order.'" *Harris v. FedEx Nat'l LTL, Inc.*, 760 F.3d 780, 786 (8th Cir. 2014) (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716–17 (8th Cir. 2008), with quotations omitted).

I am not unsympathetic to Catipovic's assertions that he made appropriate discovery choices or his complaints that Turley threw up barriers to timely discovery. I agree, however, with Judge Strand's conclusion that Catipovic did not act "diligently" in asserting his renewed motion to amend his Complaint to assert a "fraud" claim. Upon *de novo* review, I cannot find that Catipovic acted "diligently," where, as Judge Strand noted, Order at 9, I chastised Catipovic for lack of diligence in pursuing discovery supporting a "fraud" claim *in my July 30, 2013,* Memorandum Opinion And Order (docket no. 67), affirming a prior order denying him leave to amend to assert a "fraud" claim. Memorandum Opinion And Order at 12-13. Catipovic's renewed protestations of "diligence," based on finally conducting Turley's deposition in September 2013, are unavailing.

I also agree with, and adopt as my own, Judge Strand's conclusions that it is very clear that Catipovic had ample opportunity to depose Turley (either by videoconference or otherwise) before the May 29, 2013, deadline for amendments to pleadings and that, even if Turley's deposition in September 2013 resulted in the discovery of new information, Catipovic cannot establish "that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." *Transamerica Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.*, 590 F. Supp. 2d 1093, 1100 (N.D. Iowa 2008). Catipovic's lack of "diligence" in attempting to find support for and to seek leave to assert his "fraud" claim is fatal to his request for leave to assert that claim. Judge Strand's conclusion to that effect is affirmed.

### 2. *"Futility"*

Catipovic also objects to Judge Strand's alternative conclusion that his proffered pleading of his "fraud" claim is "futile." As the Eighth Circuit Court of Appeals has explained,

> District courts have discretion to allow a party to amend his or her complaint after the scheduled deadline. *See* Fed.R.Civ.P. 15(a)(2) ("The court should freely give leave when justice so requires."). District courts can deny motions to amend when there "'are compelling reasons such as … futility of the amendment.'" *Reuter v. Jax Ltd.*, 711 F.3d 918, 922 (8th Cir.2013). Some examples of futile claims are ones that are duplicative or frivolous, *id.*, or claims that "could not withstand a motion to dismiss under Rule 12(b)(6)[,]" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir.2010). *See* Fed.R.Civ.P. 12(b)(6) (failure to state a claim upon which relief can be granted).

*Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014). Here, I agree with Judge Strand that Catipovic's repleaded "fraud" claim is "futile," because it would not withstand a Rule 12(b)(6) motion to dismiss. *Id.*

Catipovic is correct that he is only required to plead *scienter* for a fraud claim "generally" under Rule 9(b). *See* Fed. R. Civ. P. 9(b). Nevertheless, dismissal of a fraud claim pursuant to Rule 12(b)(6) may be appropriate if reasonable inferences of the required mental state cannot be drawn from the factual pleadings. *Ritchie Capital Mgmt., L.L.C. v. Jeffries*, 653 F.3d 755, 763-64 (8th Cir. 2011). Indeed, I understood the pleading of fraud to impose such a requirement, even before *Twom-bal*,[2] when I concluded that, although Rule 9(b) allows a defendant's mental state supporting a fraud claim to be "alleged generally," the plaintiff must still "allege facts that give rise to a strong inference of fraudulent intent." *Brown v. North Central F.S., Inc.*, 987 F. Supp.

---

[2] "*Twom-bal*" is my nickname for the United States Supreme Court's twin decisions on pleading requirements establishing the "plausibility" pleading standard, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

1150, 1156 (N.D. Iowa 1997); *Community Voice Line, L.L.C. v. Great Lakes Commc'ns Corp.*, No. C 12–4048–MWB, ___ F. Supp. 2d ___, 2014 WL 1794450, *9 (N.D. Iowa May 6, 2014) (same). Catipovic's amended "fraud" claim still contains no such *factual* pleadings giving rise to an inference of fraudulent intent, as Judge Strand concluded. On *de novo* review, I completely agree with Judge Strand's careful analysis of Catipovic's additional allegations in the latest proffered pleading of his "fraud" claim and his conclusion that Catipovic has offered no more than conclusory allegations.

Thus, I affirm Judge Strand's alternative conclusion that Catipovic's proffered amendment is "futile," making leave to amend inappropriate.

### 3.    *"Prejudice"*

Finally, Catipovic objects to Judge Strand's alternative conclusion that allowing his proffered amendment of his "fraud" claim was "unduly prejudicial." Judge Strand was correct that leave to amend after expiration of the deadline to do so in a scheduling order can be denied for "'undue prejudice to the non-moving party.'" *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (quoting *Sherman*, 532 F.3d at 715). Indeed, the movant's lack of diligence makes it unnecessary to consider whether or not the non-movant has been prejudiced, *see Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012) (citing *Sherman*, 532 F.3d at 717), but this general rule does not preclude a court from considering the prejudice to the non-movant, for example, in the alternative.

On *de novo* review, I agree with Judge Strand's conclusion that *Popp Telecom v. American Sharecom, Inc.*, 210 F.3d 928 (8th Cir. 2000), does not support Catipovic's argument that "prejudice" to Turley should not bar his amendment to assert a "fraud" claim. As the court in *Popp Telecom* explained,

> Generally speaking, reviewing courts have found an abuse of discretion in cases where the district court denied amendments based on facts similar to those comprising the original complaint. *See Bell v. Allstate Life Ins. Co.*, 160 F.3d

14

> 452, 454 (8th Cir.1998) (citing *Sanders v. Clemco Indus.*, 823
> F.2d 214, 216–17 (8th Cir.1987); *Buder v. Merrill Lynch,
> Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 694 (8th
> Cir.1981)). The inclusion of a claim based on facts already
> known or available to both sides does not prejudice the non-
> moving party. *See Buder*, 644 F.2d at 694. A liberal
> amendment policy, however, is in no way an absolute right to
> amend. *See Thompson-El [v. Jones]*, 876 F.2d [66,] 67 [(8th
> Cir.1989)]. Where an amendment would likely result in the
> burdens of additional discovery and delay to the proceedings,
> a court usually does not abuse its discretion in denying leave
> to amend. *See id.* at 68 (upholding lower court's refusal of
> motion to amend out of concern for extra discovery
> requirements and attendant delay).

*Popp Telecom*, 210 F.3d at 943.

Catipovic's protestations notwithstanding, his "fraud" claim is not based on facts similar to those comprising his original claims of breach of contract and unjust enrichment, or facts already known or available to both sides. *Id.* There is no "mental state" element in the original claims comparable to the "mental state" requirement of the "fraud" claim. Indeed, Catipovic's repeated failures to *plead* a factual basis for the "mental state" requirement of his "fraud" claim seems to me to demonstrate that the factual basis for the original claims did not include the factual basis for this additional requirement. Similarly, his repeated failures to *plead* a factual basis for the "mental state" requirement of his "fraud" claim seems to me to demonstrate that the factual basis for that requirement is not already known or available to both sides. Thus, injection of the "fraud" claim into this litigation, even if it had been done at the time of Judge Strand's Order, would have been unduly prejudicial to Turley.

Thus, I affirm Judge Strand's alternative conclusion that Catipovic's proffered amendment is "unduly prejudicial" to Turley, making leave to amend inappropriate.

### *III.    CONCLUSION*

Upon the foregoing,

1.      **I overrule** plaintiff Branimir Catipovic's December 4, 2013, Objections To Order Denying Renewed Motion For Leave To Amend (docket no. 108); and

2.      **I affirm** United States Magistrate Judge Leonard T. Strand's November 20, 2013, Order (docket no. 97), denying Catipovic's October 17, 2013, Renewed Motion For Leave To Amend Complaint (docket no. 86), seeking leave to assert a fraud claim against defendant Mark Turley.

**IT IS SO ORDERED**.

**DATED** this 25th day of October, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA