# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

BRANIMIR CATIPOVIC,

       Plaintiff,

vs.

MARK TURLEY,

       Defendant.

No. C 11-3074-MWB

**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANT'S POST-TRIAL RENEWED MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW AND ALTERNATIVE MOTION FOR REMITTITUR OR NEW TRIAL AND PLAINTIFF'S POST-TRIAL MOTION TO AMEND COMPLAINT AND FOR PARTIAL NEW TRIAL**

_____

Plaintiff Branimir Catipovic, who was once an Iowa citizen, and who is again an Iowa resident or citizen, sought to recover damages for breach of contract and unjust enrichment from defendant Mark Turley, an Irish investor now living in Hungary. These claims arose from the failure of an alleged partnership to develop ethanol production facilities in Eastern Europe. After a jury trial that began on November 12, 2014, the jury reached a verdict on November 20, 2014. The jury found that no contract existed between the parties, but that Catipovic had proved his alternative claim of unjust enrichment and awarded him $2 million in damages. This case is before me on two of three post-trial motions: (1) Turley's December 19, 2014, Renewed Motion For Entry Of Judgment As A Matter Of Law And Alternative Motion For Remittitur Or New Trial (docket no. 199); and (2) Catipovic's December 19, 2014, Post-Trial Motion Pursuant

To Fed. R. Civ. P. 15(b) And 59(a) (docket no. 200).[1] I will consider these motions, briefly, in turn.

In his post-trial motion, Turley first renews his Rule 50(a)(1) motion for judgment as a matter of law (JAML) that this court lacks personal jurisdiction over him, pursuant to Rule 50(b). Turley contends that I denied his pre-trial challenges to personal jurisdiction primarily on the ground that there were genuine issues of material fact as to whether the parties entered into a contract in Iowa. Because a jury has now determined that the parties did not enter into a contract, Turley contends that the basis for personal jurisdiction is entirely missing. He also argues that the other "contacts" that he had with this forum, involving a single 2-day trip to Iowa, and e-mail and telephone communications, were too few and too insignificant to establish personal jurisdiction over him. Catipovic argues that Turley ignores the importance of his trip to Iowa as the basis for the parties' relationship. Catipovic points out that this trip included Turley's introduction to the nature and viability of the European ethanol project, as well as his introduction to Ron Fagan, whose company, Fagan, Inc., was the premier builder of ethanol plants, but who had never before been coaxed into building an ethanol plant in Europe. Catipovic also argues that Turley ignores the fact that the parties anticipated

---

[1] A third post-trial motion, Catipovic's December 19, 2014, Post-Trial Motion To Amend Judgment [Pursuant To] Fed. R. Civ. P. 59(e) And 60 (docket no. 201), is also pending. In that motion, Catipovic seeks pre- and post-judgment interest on the damages awarded by the jury. Turley's only argument in his Response (docket no. 204) to that motion so far, however, has been that I should stay any action on it pending resolution of Turley's post-trial motions, in the interest of judicial economy. Turley is correct that a favorable ruling on his post-trial motions would moot Catipovic's request for pre- and post-judgment interest on his damages, while an unfavorable ruling, followed by time for supplemental briefing, would not unduly delay consideration of the issue of pre- and post-judgment interest.

2

and carried on a relationship centered in Iowa for some time, even if the subject ethanol plant or plants were ultimately going to be built in Europe.

On a post-trial motion for JAML, the district court (and any reviewing court) must view the evidence "'in the light most favorable to the prevailing party and the court can not weigh or evaluate the evidence or consider questions of credibility.'" *Townsend v. Bayer Corp.*, ___ F.3d ___, ___, 2014 WL 7172031, *6 (8th Cir. Dec. 17, 2014) (quoting *Diesel Mach., Inc. v. B.R. Lee Indus., Inc.*, 418 F.3d 820, 832 (8th Cir. 2005)). Also, "'[a] grant of JAML is proper only if the evidence viewed according to this standard would not permit reasonable jurors to differ as to the conclusions that could be drawn.'" *Id.* (again quoting *Diesel Mach.*, 418 F.3d at 832). Although personal jurisdiction is a question of law "in an abstract sense, . . . it often, as here, turns on questions of fact." *Radaszewski by Radaszewski v. Telecom Corp.*, 981 F.2d 305, 309 (8th Cir. 1992). Thus, where the plaintiff must prove personal jurisdiction over a defendant by the preponderance of the evidence at trial, *see, e.g., Epps v. Stewart Info. Servs. Cor*p., 327 F.3d 642, 647 (8th Cir. 2003), and the defendant then makes a renewed challenge to personal jurisdiction post-trial, I believe that the pertinent facts, like all other facts that were at issue at trial, must be viewed in the light most favorable to the prevailing party. *Cf. Townsend*, ___ F.3d at ___, 2014 WL 7172031 at *6. Doing so here leads me to conclude that the requirements of personal jurisdiction are satisfied. Moreover, if I were to weigh the evidence, I would also find personal jurisdiction over Turley.

To satisfy due process, a defendant must have had sufficient "minimum contacts" with the forum state, and exercising personal jurisdiction over a defendant with such contacts must not offend "'traditional notions of fair play and substantial justice.'" *Downing v. Goldman Phipps, PLLC*, 764 F.3d 906, 912 (8th Cir. 2014) (quoting *World–

3

*Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291–92 (1980)).[2] In other words, "a defendant must have taken actions creating a substantial connection with the forum, and purposefully avail[ed] itself of the benefits and protections of the forum to anticipate reasonably being hailed into court there." *Id*. (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474–76 (1985)). The Eighth Circuit Court of Appeals has explained,

> Our court uses a five factor test to determine whether a defendant's contacts meet the due process minimum: "1) the nature and quality of the defendant's contacts with the forum state; 2) the quantity of such contacts; 3) the relation of the cause of action to the contacts; 4) the interests of the forum state in providing a forum for its residents; and 5) the convenience of the parties." *Steinbuch [v. Cutler]*, 518 F.3d [580,] 586 [(8th Cir.2008)]. The third factor applies only on the question of whether specific jurisdiction exists, *id*., and the last two factors "carry less weight and are not dispositive." *Johnson v. Woodcock*, 444 F.3d 953, 956 (8th Cir.2006).

*Downing*, 764 F.3d at 912.

Turley mischaracterizes my denials of his prior challenges to personal jurisdiction, on a motion to dismiss and a motion for summary judgment, as turning on whether or

---

[2] As the Eighth Circuit Court of Appeals also recently reiterated,

> "Because Iowa's long-arm statute 'expands Iowa's jurisdictional reach to the widest due process parameters allowed by the United States Constitution,' our inquiry is limited to whether the exercise of personal jurisdiction comports with due process." *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.2010) (quoting *Hammond v. Florida Asset Fin. Corp.*, 695 N.W.2d 1, 5 (Iowa 2005)).

*Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014).

not the parties entered into, or whether there were genuine issues of material fact as to whether the parties entered into, a contract in Iowa. While I did find that there were genuine issues of material fact on the question of personal jurisdiction relating to "whether and when any agreement or agreements between the parties were finalized," that was only one material factual issue on which I found such a genuine dispute. *See Catipovic v. Turley*, 2014 WL 222605, *2 (N.D. Iowa Jan. 21, 2014) (slip op.) (ruling on defendant's motion for summary judgment). Thus, the jury's finding that no contract existed between the parties does not necessarily demonstrate that there was no personal jurisdiction over Turley.

Turley is correct that the relevant "contacts" must relate to the specific claim at issue. *See Downing*, 764 F.3d at 912 (third factor). Where, as here, the claim for which there must be personal jurisdiction is unjust enrichment, "a species of implied contract" under Iowa law, *see Iowa Waste Sys., Inc. v. Buchanan Cnty.*, 617 N.W.2d 23, 29 (Iowa Ct. App. 2000), many of the same facts relevant to personal jurisdiction for a contract claim are relevant to an "unjust enrichment" claim. For example, where personal jurisdiction may not be appropriate if the place where a contract was negotiated or finalized was merely "fortuitous," *see Downing*, 764 F.3d at 912, by analogy, if the place where the parties negotiated or developed the relationship from which the unjust enrichment claim arose was merely "fortuitous," personal jurisdiction also may not be appropriate. On the other hand, where the parties negotiated and developed their relationship in the forum over a significant period of time, the contacts related to the "unjust enrichment" claim should not be deemed merely "fortuitous." *Cf. Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 520 (8th Cir. 2010) (considering these factors as pointing to personal jurisdiction in the forum on a contract claim).

Here, considering the "nature and quality" of the relevant contacts, the "quantity" of those contacts, and "the relation of the cause of action [on which Catipovic prevailed]

5

to the contacts," *see Downing*, 764 F.3d at 912 (identifying these three factors as relevant in the personal jurisdiction analysis)—whether in the light most favorable to Catipovic or weighing the evidence myself—I find that the exercise of personal jurisdiction over Turley comports with due process. Although Turley traveled to Iowa only once, that contact with Iowa was not merely "fortuitous," but critical to the development of the relationship between Catipovic and Turley from which Catipovic's "unjust enrichment" claim arose. As Catipovic contends, during that trip, Catipovic introduced Turley to Wendland (Catipovic's co-promoter and the manager of a successful ethanol plant) and Fagen (a recognized expert in ethanol plant construction who had not previously been enticed to participate in a project in Europe), and allowed Turley to tour a working example of the unique ethanol plant that the promoters proposed to build together with Turley in Europe. Also, during that meeting, Turley and Catipovic negotiated business terms concerning their relationship. Turley is correct that directing emails, faxes, phone calls, and other communications to the plaintiff in the forum is insufficient to establish personal jurisdiction, but evidence of such communications "'may be used to support the exercise of personal jurisdiction.'" *Fastpath, Inc.*, 760 F.3d at 823-24 (citing *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 594 (8th Cir. 2011), and *Digi–Tel Holdings, Inc. v. Proteq Telecomms. (PTE), Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996), then quoting *Digi-Tel*, 89 F.3d at 523). Doing so is appropriate here, where Catipovic has pointed to evidence that, after Turley's return to Europe from Mason City, Iowa, Turley immediately began coordinating, determining, and directing the substantial work involved in establishing a first-of-its-kind ethanol plant in Europe, recognizing that Catipovic would perform that work, at least for some time, in Iowa. In other words, the relationship of the parties, at its outset and for several months, was centered in Iowa, even if the subject matter was ethanol plants in Europe.

The remaining factors in the analysis, Iowa's interest in providing a forum and convenience of the forum, *see Downing*, 764 F.3d at 912, do not weigh against personal jurisdiction over Turley. Iowa had some interest in providing a forum to an Iowa citizen for a business initiated and, at least for several months, conducted in Iowa, there is no hint that inconvenience of this forum inhibited Turley's ability to mount a defense and obtain a fair trial (and he does not argue that it did), and trying the case in another forum would simply have shifted the inconvenience to Catipovic. Based on all of the evidence, I simply cannot find that exercising personal jurisdiction over Turley in this forum offends "traditional notions of fair play and substantial justice." *Id.* (internal quotation marks and citations omitted).

Thus, the part of Turley's post-trial motion seeking dismissal for lack of personal jurisdiction is denied.

In the alternative, Turley seeks remittitur of the damages for unjust enrichment awarded by the jury to $1, or a new trial on the "unjust enrichment" claim, pursuant to Rule 59 of the Federal Rules of Civil Procedure. Turley contends that the damages award is against the clear weight of the evidence—indeed, without support in and contrary to the evidence—and plainly excessive. Turley essentially reiterates his prior arguments that Catipovic failed to provide services necessary to promote the Osijek, Croatia, plant originally contemplated and that Catipovic provided nothing of value to Turley for the Dunafoldvar, Hungary, plant that Turley ultimately built. Catipovic contends that the jury's damages award was consistent with his expert's opinion about the calculation of a promoter's share of an ethanol project, and substantially less than Turley at one point offered to "buy out" Catipovic. He also argues that reasonable jurors could have and did find that his services were of value to Turley. Finally, Catipovic argues that Turley improperly tries to compartmentalize the Croatian and Hungarian ethanol plant projects,

but, realistically, the vast majority of Catipovic's services to Turley transferred from one project to the other.

As the Eighth Circuit Court of Appeals has reiterated, "'The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court,'" and, consequently, appellate review is "'extraordinarily deferential.'" *Tedder v. American Railcar Indus., Inc.*, 739 F.3d 1104, 1110 (8th Cir. 2014) (quoting *Sanford v. Crittenden Mem'l Hosp.*, 141 F.3d 882, 884 (8th Cir. 1998)). A new trial may be granted, for example, "when the outcome is 'against the great weight of the evidence so as to constitute a miscarriage of justice.'" *Chalfant v. Titan Distrib., Inc.*, 475 F.3d 982, 992 (8th Cir. 2007) (quoting *Foster v. Time Warner Entm't Co.*, 250 F.3d 1189, 1197 (8th Cir. 2001)). Also, the Eighth Circuit Court of Appeals "review[s] a district court's decision to grant or deny a request for a remittitur for an abuse of discretion, keeping in mind a verdict is not excessive unless the result is monstrous or shocking." *Townsend v. Bayer Corp.*, ___ F.3d ___, ___, 2014 WL 7172031, *16 (8th Cir. Dec. 17, 2014) (citing *Thorne v. Welk Inv., Inc.*, 197 F.3d 1205, 1211 (8th Cir. 1999)).

The jury's damages verdict on Catipovic's "unjust enrichment" claim is neither "against the weight of the evidence," requiring a new trial, *see Chalfant*, 475 F.3d at 992, nor "monstrous and shocking," requiring a remittitur, *see Townsend*, ___ F.3d at ___, 2014 WL 7172031 at *16. For example, the jury's damages award was actually consistent with Catipovic's expert's testimony concerning the percentage a promoter of a comparable project would ordinarily receive and the evidence concerning the revenues of the Dunafoldvar plant that Turley actually built. It was also consistent with—indeed, well under—the amount that Turley offered Catipovic to "buy him out" at one point in the parties' relationship. The jury also properly considered the revenues of the plant actually built by Turley in determining Catipovic's damages, because, based on the

8

evidence, the jurors could reasonably reject Turley's argument that Catipovic's services were of no value to Turley at all or of no value to Turley's Dunafoldvar project, for several reasons. First, the Dunafoldvar project involved Fagan, whom Catipovic had introduced to Turley, and whom Catipovic had convinced to expand into the development of ethanol plants in Eastern Europe. Second, the Dunafoldvar project was less than 100 miles from the Osijek site. Third, Catipovic presented evidence that Turley's pursuit of the nearby project in Dunafoldvar had a negative impact on Catipovic's ability to obtain funding and expertise—including Fagan's expertise—to pursue the Osijek project after Turley abandoned that project.

Turley is not entitled to either a new trial on Catipovic's unjust enrichment claim, nor to a remittitur of damages on that claim.

The second post-trial motion that I will address in this ruling is Catipovic's December 19, 2014, Post-Trial Motion Pursuant To Fed. R. Civ. P. 15(b) And 59(a) (docket no. 200). In this Motion, Catipovic seeks an order granting him leave to amend his Complaint to add a fraud claim and granting him a partial new trial, limited to that fraud claim. Catipovic argues that the record shows that his fraud claim was tried by implied consent, because it arose out of the same transactions and was premised on the same testimony and documentary evidence as his contract and unjust enrichment claims. He also contends that the record evidence shows that Turley made representations with no present intent to be bound by them. Turley argues that no fraud claim was tried by consent, implied or otherwise, where he resisted and the court rejected every attempt by Catipovic to add that claim before and during trial. Turley also argues that the fraud claim was not supported by the evidence. Finally, Turley contends that belated introduction of such a claim would have been and would now be unduly prejudicial to him.

As the Eighth Circuit Court of Appeals recently explained,

> Rule 15(b)(2) of the Federal Rules of Civil Procedure provides that "[w]hen an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings." Fed.R.Civ.P. 15(b)(2). Such amendments are "to be liberally granted where necessary to bring about the furtherance of justice and where the adverse party will not be prejudiced." *Am. Fed'n of State, Cnty. & Mun. Emps. v. City of Benton*, 513 F.3d 874, 883 (8th Cir.2008) (internal quotation omitted). . . .
>
> The district court's decision to grant or deny an amendment under Rule 15(b)(2) is reviewed for abuse of discretion. *Am. Family Mut. Ins. Co. v. Hollander*, 705 F.3d 339, 347 (8th Cir.2013).

*Trip Mate, Inc. v. Stonebridge Cas. Ins. Co.*, 768 F.3d 779, 784 (8th Cir. 2014).[3] More specifically,

> "Implied consent exists where a party has actual notice of an unpleaded issue and has been given an adequate opportunity to cure any surprise resulting from the change in the pleadings." [*Hollander*, 705 F.3d] at 348 (internal quotation omitted). A party generally has actual notice if the opposing party communicates its intention to amend the pleadings, or the court announces at or before trial that it will treat the pleadings as amended. *Id*. In addition, "consent may be implied when evidence relevant to an unpleaded issue has been introduced at trial without objection" if it is clear . . . the non-moving party[ ] had actual notice of the implied amendment claim and an adequate opportunity to cure any surprise. *Id*. at 348–49. However, evidence that is relevant to a pleaded issue generally will not by itself provide notice to a non-moving party that an unpleaded issue is being tried.

---

[3] Indeed, "'a district court may amend the pleadings merely by entering findings on the unpleaded issues.'" *Trip Mate, Inc.*, 768 F.3d at 784 (quoting *Galindo v. Stoody Co.*, 793 F.2d 1502, 1513 n. 8 (9th Cir.1986)).

> *Pariser v. Christian Health Care Sys., Inc.*, 816 F.2d 1248, 1253 (8th Cir.1987).

*Trip Mate, Inc.*, 768 F.3d at 784-85.

Here, any contention by Catipovic that his fraud claim was tried by implied consent is simply a fantasy, even accepting Catipovic's strained contention that evidence relevant to the unpleaded fraud claim was introduced at trial without objection. First, Turley had objected to and I had rejected every attempt Catipovic made pretrial to amend his pleadings to assert a fraud claim. There was no implied consent, where there were repeated categorical objections to amendments to assert the claim by the opposing party and repeated categorical rejections of the claim by the court. Second, as the Eighth Circuit Court of Appeals has explained, "evidence that is relevant to a pleaded issue generally will not by itself provide notice to a non-moving party that an unpleaded issue is being tried." *Id.* at 785 (citing *Pariser v. Christian Health Care Sys., Inc.*, 816 F.2d 1248, 1253 (8th Cir. 1987)). Catipovic relies on nothing more. Third, after hearing all of the evidence at trial, I reiterate my view that Catipovic's evidence reasonably suggests, at most, broken promises, not fraud, so that I am not convinced that Catipovic has introduced evidence that would support an unpleaded fraud claim. Fourth, Catipovic overlooks the part of the test for post-trial amendment based on implied consent asking whether the opposing party had "an adequate opportunity to cure any surprise" when the evidence relevant to the unpleaded claim was introduced. *Id*. Where I not only rejected Catipovic's repeated pretrial attempts to amend his Complaint to add a fraud claim, but granted Turley's motion in limine to exclude references to "fraud," "conspiracy," or "collusion," Turley would necessarily be "surprised" that, somehow, the trial nevertheless included an unpleaded fraud claim.

Catipovic's post-trial motion to amend his Complaint to assert an unpleaded fraud claim, on the ground that such a claim was tried by implied consent, is also denied.

THEREFORE,

1.	Defendant Turley's December 19, 2014, Renewed Motion For Entry Of Judgment As A Matter Of Law And Alternative Motion For Remittitur Or New Trial (docket no. 199) is **denied in its entirety**;

2.	Plaintiff Catipovic's December 19, 2014, Post-Trial Motion Pursuant To Fed. R. Civ. P. 15(b) And 59(a) (docket no. 200) is **denied in its entirety**; and

3.	In light of the dispositions above, defendant Turley shall have **to and including February 6, 2015,** to file a supplemental response to plaintiff Catipovic's December 19, 2014, Post-Trial Motion To Amend Judgment [Pursuant To] Fed. R. Civ. P. 59(e) And 60 (docket no. 201).

**IT IS SO ORDERED**.

**DATED** this 29th day of January, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA