# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

BRANIMIR CATIPOVIC,

        Plaintiff,

vs.

MARK TURLEY,

        Defendant.

No. C 11-3074-MWB

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S POST-TRIAL MOTION TO AMEND THE JUDGMENT TO AWARD PRE- AND POST-JUDGMENT INTEREST**

_____

In a Memorandum Opinion And Order (docket no. 213), filed January 29, 2015, I resolved two of the three post-trial matters pending in this case and, in light of the disposition of those motions, set a deadline for supplemental briefing on the third post-trial motion, plaintiff Catipovic's December 19, 2014, Post-Trial Motion To Amend Judgment [Pursuant To] Fed. R. Civ. P. 59(e) And 60 (docket no. 201). In that Motion, Catipovic seeks pre- and post-judgment interest on the jury's damages award.

In support of his Motion, Catipovic argues that he is entitled to pre-judgment interest, pursuant to IOWA CODE § 668.13, from the date of commencement of his action and post-judgment interest, pursuant to 28 U.S.C. § 1961, from the date of the entry of the judgment in this case. In his Supplemental Brief In Resistance (docket no. 214), filed February 6, 2015, defendant Turley concedes that Catipovic is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961. On the other hand, Turley argues that Catipovic is not entitled to pre-judgment interest. Turley argues that IOWA CODE § 668.13 is inapplicable to pre-judgment interest on a non-comparative fault claim, such as Catipovic's "unjust enrichment" claim, so that the applicable statutory provision is IOWA

CODE § 535.3. Turley argues that, under that statute, Catipovic is only entitled to interest from the date that his damages became liquidated, which, in this case, was the date of judgment. Turley argues that the jury's "general verdict" does not allow a determination of any other date from which interest could be calculated and, indeed, the amount of the damages appears to have been based on the profits of the ethanol facility in Hungary, which did not even open until April 2012. In his Reply (docket no. 215), filed February 13, 2015, Catipovic concedes that pre-judgment interest on his "unjust enrichment" claim is not controlled by IOWA CODE § 668.13. He argues, however, that his damages, although unliquidated, were complete before the lawsuit was filed, no later than February 2008, when Turley cut him out of the European ethanol project. Thus, he argues that he is entitled to pre-judgment interest from the definite date that damages were complete, even if that date was before his lawsuit was filed.

IOWA CODE § 668.13 is not applicable here, at least not in its entirety, because Catipovic's claim is not a comparative fault claim under IOWA CODE CH. 668. *See* IOWA CODE § 668.13 ("Interest shall be allowed on all money due on judgments and decrees on actions brought pursuant to this chapter. . . ."). Rather, pre-judgment interest in this case is controlled by IOWA CODE § 535.3, although that statute provides for calculation of the *rate* of interest as set out in IOWA CODE § 668.13. *See* IOWA CODE § 535.3; *see also Schimmelpfennig v. Eagle Nat'l Assur. Corp.*, 641 N.W.2d 814, 815-16 (Iowa 2002). As the Iowa Supreme Court has explained,

> We settled the principles that govern entitlement to prefiling interest in *Midwest Management Corp. v. Stephens*, 353 N.W.2d 76 (Iowa 1984). In that case, we determined:
>
>> Generally, "interest runs from the time money becomes due and payable, and in the case of unliquidated claims this is the date they become liquidated, ordinarily the date of judgment…. One exception to this rule is recognized 'in cases in which

> the entire damage for which recovery is demanded was complete at a definite time before the action was begun.'"
>
> *Stephens*, 353 N.W.2d at 83 (quoting *Mrowka v. Crouse Cartage Co.*, 296 N.W.2d 782, 783 (Iowa 1980)).

*Schimmelpfennig*, 641 N.W.2d at 816. In this case, even if the work for which Catipovic was denied compensation ended by February 2008, his damages were neither "complete" nor "liquidated" until the jury's verdict, where the damages evidence was based, in substantial part, on the profit of the Hungarian ethanol plant that Turley later built. Thus, under the circumstances in this case, Catipovic is not entitled to pre-judgment interest, but only interest running from the date of the judgment.

THEREFORE, plaintiff Catipovic's December 19, 2014, Post-Trial Motion To Amend Judgment [Pursuant To] Fed. R. Civ. P. 59(e) And 60 (docket no. 201) is **granted in part and denied in part**, as follows:

1. Catipovic's prayer for pre-judgment interest is **denied**; but
2. Catopovic's prayer for post-judgment interest is **granted**.
3. The Judgment (docket no. 195), entered on the jury's verdict, is **amended to include post-judgment interest pursuant to 28 U.S.C. § 1961**.

**IT IS SO ORDERED**.

**DATED** this 17th day of February, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA